DECISION OF DISMISSAL
 I. INTRODUCTION
This matter is before the court on Defendant Multnomah County Assessor's (Assessor) Motion to Dismiss (Motion) on the ground that Plaintiff failed to appeal within the 90 days required by ORS 311.223(4). The Assessor further notes in its Motion that it reviewed Plaintiff's penalty waiver request under ORS 308.295(7) and denied that request May 11, 2009.
 II. PRELIMINARY MATTERS
The Assessor's Motion was discussed with the parties during the August 26, 2009, initial proceeding in this manner. Plaintiff, hereinafter referred to as Taxpayer, was represented by Sanford E. Robinson (Robinson), the owner of Catering at Its Best, Inc., and the employee regularly employed by Plaintiff in its tax matters. The Assessor was represented by Richard Teague, an appraiser in the assessor's office. Defendant Department of Revenue (Department) filed an appearance through Gregg Thummel, a Department employee, but did not appear for the August 26, 2009, proceeding. However, in its Answer, the Department requested to be removed as a named Defendant because it was not responsible for the disputed assessment. Neither Taxpayer nor the Assessor objected to the Department's request, and the court finds dismissal of the Department to be appropriate because Plaintiff is not "aggrieved" by any action taken by the *Page 2 
Department, which is a prerequisite to filing an appeal with the Tax Court. ORS 305.275.[1] Accordingly, the Department is dismissed as a named defendant.
 III. STATEMENT OF FACTS
Turning to the facts of the case, Taxpayer is unhappy with the penalty that the Assessor imposed as part of its omitted property assessment covering tax years 2003-04 through 2007-08, inclusive. The penalty amounts to slightly more than $2,700. The property at issue is identified as Account P600958, and includes personal property owned by Taxpayer and used in its catering business, which Robinson began operating in Multnomah County in 1995. Robinson's objection is that he was unaware that the property was subject to tax, and he was never given any notice of the tax or the requirement to file an annual personal property tax return with the Assessor. Taxpayer is not protesting the back taxes, only the penalty, which in this case is 50 percent of the tax. Robinson noted that, had the Assessor informed him in 1995 that he was required to file a return, the county would have collected more taxes, and he would have been spared the penalties the Assessor ultimately imposed. And, of course, the tax would have been paid each year along the way, rather than as a lump sum bill covering five years. Finally, Robinson believes that the system is broken because many business owners are unaware that their business personal property is taxable until they receive an unexpected omitted property assessment that includes a penalty for failure to file a return they did not know they were required to file. That penalty can, and often does, amount to a considerable amount of money.
For its part, the Assessor has asked the court to dismiss Taxpayer's appeal as untimely. *Page 3 
 IV. ANALYSIS
Personal property used for a business purpose is subject to tax. Seegenerally ORS 307.030 and ORS 307.190. ORS 308.290(1)(a) requires every person or business that owns "taxable personal property [to] make a return of the property for ad valorem tax purposes to the assessor of the county in which the property has its situs for taxation." The return "shall be filed on or before March 1 of each year." ORS 308.290(3) (emphasis added). If a party fails to file a required return by the March 1 annual deadline, it "shall be jointly and severally subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(4) provides for a penalty of 50 percent of the tax where a taxpayer fails to file a return. The Assessor added the value of Taxpayer's previously untaxed personal property to the assessment and tax rolls as omitted property pursuant to the provisions of ORS 311.216
through ORS 311.229. Specifically, ORS 311.216(1) requires the assessor to add to the rolls the value and taxes of any property previously omitted from the rolls "for any year or years not exceeding five years prior to the last certified roll." In accordance with ORS 311.223(2)(b) (requiring inclusion of penalty information in the omit notice) and ORS308.296(4) (providing for "a penalty equal to 50 percent of the tax attributable to the taxable personal property" where the required return is not filed by August 1), the Assessor imposed a 50 percent penalty against Taxpayer for tax years 2003-04 through 2007-08 as part of its omitted property assessment.
Appeal of that penalty to the Tax Court is authorized by ORS 311.223(4). However, the appeal must be filed "within 90 days after the correction of the roll." Id. Moreover, that statutory provision precludes a taxpayer from appealing the penalty to the county board of property tax appeals.Id. (providing that the appeal "of any penalty described in *Page 4 
subsection (2)(b) of this section [which governs penalties connected to omitted property assessments], may not be made to the board of property tax appeals under ORS 309.100.")
The Assessor corrected the roll on December 2, 2008. Taxpayer's Complaint was filed with this court April 28, 2009, nearly two months after the 90-day appeal deadline provided in ORS 311.223(4). Taxpayer's explanation for missing the applicable deadline was that he correctly started the process by completing a Complaint form for the Oregon Tax Court, but when he appeared at the Assessor's office to discuss the assessment, he was given incorrect information about how to appeal. Taxpayer testified that he was told to begin by filing a petition with the county board of property tax appeals (Board), which he did, only to be dismissed by the Board for lack of jurisdiction. (Ptf's Compl at 2.)
The Board correctly dismissed the petition because it is statutorily precluded from hearing penalty waiver requests where the penalty is imposed under ORS 311.223. See ORS 308.295(5)(a) (providing that "[u]nless the penalty is the subject of an appeal under ORS 311.223, the county board of property tax appeals, upon application of the taxpayer, may waive the liability[.]") (Emphasis added.) The penalty in this case is part of an appeal under ORS 311.223.
Moreover, as the court pointed out during the August 26, 2009, proceeding, Taxpayer's omitted property assessment notice, which Robinson submitted with his appeal, included a statement of appeal rights providing:
 "If you disagree with the amount of the assessment, and/or believe that the penalty was imposed in error or calculated incorrectly, you have the right to appeal to the Magistrate Division of the Oregon Tax Court within 90 days after the correction to the roll was made."
(Ptf's Compl at 3.) *Page 5 
That notice included the phone number for the Magistrate Division as well as the court's website address. (Id.) Taxpayer should have taken the time to look into those appeal instructions rather than accepting the verbal advice he was allegedly given by a county assessor employee.
The difficulty with asking questions of government officials, particularly when proceeding without an attorney or other trained professional, is that the taxpayer must know the correct questions to ask and be able to properly interpret the answers. For example, Taxpayer in this case may well have been advised that he could fill out a form and submit it to the Assessor seeking waiver of the penalty. In fact, the Assessor's representative Richard Teague testified that Taxpayer completed a form used by the Assessor to process penalty waiver requests. The Assessor's authority to consider such matters is provided in ORS 308.296(8)(a). However, that avenue is in addition to the right to appeal to the Magistrate Division of the Oregon Tax Court. Additionally, under ORS 308.296(8)(c), a taxpayer may not appeal the Assessor's determination (to grant or deny a penalty waiver request), and pursuing relief from the Assessor under ORS 308.296(8) does not suspend or otherwise extend the 90-day appeal period provided in ORS 311.223(4) for appealing to the Tax Court.
Taxpayer further contends that he was not given notice by the Assessor of the requirement to file a personal property tax return. In fact, that position seems to be Taxpayer's primary argument. ORS 308.290(2)(c) does require the assessor to send blank personal property tax return forms to taxpayers each year. The statute provides, in relevant part:
 "Prior to December 31 preceding the assessment year, the * * * assessor shall cause blank forms for the returns to be prepared and distributed by mail * * *."
(Id.) *Page 6 
If the statute ended with the mandate set forth above, Taxpayer would have a valid argument. However, ORS 308.290(2)(c) continues:
 "* * * but failure to receive or secure the form does not relieve the person, managing agent or officer from the obligation of making any return required by this section."
(Emphasis added.)
Thus, the fact that Taxpayer did not receive a blank form to use in reporting his taxable personal property does not relieve Taxpayer of the obligation to file that return. If taxpayers could avoid taxes by alleging ignorance of the tax, many taxpayers may well conclude the risk of getting caught outweighs the benefit of avoiding the tax unless and until the Assessor discovers that the property has not been reported and taxed. For that reason, it is likely that the legislature provided for a penalty in cases where taxable personal property is not reported, putting the onus on the property owner to report the property.
This court has consistently held that a taxpayer's lack of knowledge does not permit a waiver of the personal property tax penalty. See, e.g.,Yip v. Clackamas County Assessor, TC-MD No 060641C (Oct 31, 2006) (finding the plaintiff's "lack of knowledge of the filing requirement brings him outside the definition of good and sufficient cause, and precludes him from relief under ORS 305.422."); Cup of Joe v. Coos CountyAssessor, TC-MD No 060048E, WL 995269 (Apr 6, 2006) (denying request for waiver of a personal property penalty because the taxpayer was unaware business personal property is taxable); Fotouhi v. Washington CountyAssessor, TC-MD No 030974C, WL 226272 (Jan 27, 2004) (denying request for waiver of personal property penalty based on lack of knowledge under ORS305.422). Those cases dealt with the question of whether a lack of knowledge constituted good and sufficient cause, which is the legal standard this court must apply in determining whether to waive a penalty imposed as *Page 7 
part of an omitted property assessment under ORS 305.422. In this case, the court has not reached that question because the appeal is untimely and subject to dismissal, thereby precluding the court from getting to the question of whether waiver of the penalty is appropriate.
 V. CONCLUSION
For the reasons set forth above, the court concludes that the Assessor's Motion to Dismiss should be granted because Taxpayer did not appeal the penalty imposed as part of the Assessor's omitted property assessment within 90 days of the date the roll was corrected.
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is allowed. The Complaint is dismissed.
Dated this ___ day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 1,2009. The Court filed and entered this document on October 1, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1